1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

JAMES CATO, JR.,                              )     1:11-CV-00112 GSA HC
                                              )
12                    Petitioner,             )     ORDER DISMISSING PETITION FOR WRIT
                                              )     OF HABEAS CORPUS
13         v.                                 )
                                              )     ORDER DIRECTING CLERK OF COURT
14                                            )     TO ENTER JUDGMENT
                                              )
15   R. LOPEZ,                                )     ORDER DECLINING ISSUANCE OF
                                              )     CERTIFICATE OF APPEALABILITY
16                    Respondent.             )
_____ )

17

18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254. He has consented to exercise of magistrate judge jurisdiction pursuant

20   to 28 U.S.C. § 636(c).

21         Petitioner filed the instant federal petition for writ of habeas corpus in this Court on

22   January 21, 2011.  Petitioner challenges his May 25, 2006, plea of nolo contendere in the Kings

23   County Superior Court to assault by a prisoner on a non-prisoner.

24         Following a preliminary review of the petition, on February 4, 2011, the undersigned issued

25   an order directing Petitioner to show cause why the petition should not be dismissed for failure to

26   exhaust state remedies.  See 28 U.S.C. § 2254(b)(1) (A petitioner who is in state custody and wishes

27   to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state

28   judicial remedies).  Petitioner was granted thirty (30) days to file a response to the order to show

1    cause.  Over thirty (30) days have passed, and Petitioner has failed to respond.  Petitioner was

2    forewarned that failure to comply with the court order would result in dismissal of the petition.

3    Certificate of Appealability

4         A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

5    district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

6    El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue

7    a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

8         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
          district judge, the final order shall be subject to review, on appeal, by the court
9         of appeals for the circuit in which the proceeding is held.

10        (b) There shall be no right of appeal from a final order in a proceeding to test the
          validity of a warrant to remove to another district or place for commitment or trial
11        a person charged with a criminal offense against the United States, or to test the
          validity of such person's detention pending removal proceedings.

12
          (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
13               appeal may not be taken to the court of appeals from–

14               (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State
15               court; or

16               (B) the final order in a proceeding under section 2255.

17             (2) A certificate of appealability may issue under paragraph (1) only if the
               applicant has made a substantial showing of the denial of a constitutional right.

18
               (3) The certificate of appealability under paragraph (1) shall indicate which
19             specific issue or issues satisfy the showing required by paragraph (2).

20        If a court denies a petitioner's petition, the court may only issue a certificate of appealability

21   "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

22   that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

23   further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

24   petitioner is not required to prove the merits of his case, he must demonstrate "something more than

25   the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at

26   338.

27        In the present case, the Court finds that reasonable jurists would not find the Court's

28   determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

1  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

2  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

3  certificate of appealability.

4                                                    **ORDER**

5          Accordingly, IT IS HEREBY ORDERED:

6          1) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

7          2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

8          3) The Court DECLINES to issue a certificate of appealability.

9

10          IT IS SO ORDERED.

11     **Dated:    March 14, 2011**                    **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28